COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


EULA MELINDA WOODSON

v.          Record No. 2044-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
SMITHFIELD PACKING COMPANY, INC.          JULY 5, 1995
and
LUMBERMENS MUTUAL CASUALTY COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Annette Miller (Parker, Pollard & Brown,
              P.C., on brief), for appellant.

              William W. Nexsen (Timothy P. Murphy;
              Stackhouse, Smith & Nexsen, on brief), for
              appellees.


     Eula Melinda Woodson appeals the Virginia Workers'

Compensation Commission's finding that she failed to prove that

she suffered from an occupational disease pursuant to Code

§ 65.2-400.  Woodson contends that no credible evidence supports

the commission's finding.  We disagree and affirm the

commission's decision.

     Woodson was employed by Smithfield Packing Company

(Smithfield) as a sausage casing puller.  This required her to

pull between six hundred and six hundred fifty sausage casings

each day.  On September 2, 1992, she experienced a sharp pain in

her right hand while pulling casings.  She reported the pain to

her supervisor, who sent her to the plant clinic.  Her symptoms

--------------------------------------------------

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

worsened and the next day she returned to the plant nurse, who diagnosed her as having a tendinitis injury and recommended light duty work. Woodson's symptoms continued and on September 23, 1992, she was examined by Dr. Lundie, the plant doctor. He diagnosed her as having an overuse syndrome related to work. She continued working until November 18, 1992 when she went on maternity leave. When Dr. Lundie examined her again on March 19, 1993, he concluded that because her symptoms had not abated while she was on maternity leave, they were not work-related. He released her from his care.

Woodson then began seeing Dr. Howell, who treated her for "right wrist synovitis." It is unclear from Dr. Howell's reports whether he believed her condition was work-related. In his letter of February 28, 1994 to the insurance carrier, he stated, "I would appreciate knowing if this is a work related injury . . . ." However, in his March 18, 1994 letter to Woodson's attorney, he states, "it would be my opinion that the carpal tunnel syndrome which this patient apparently has is related to her type of work which she performs."

The deputy commissioner found Dr. Howell's opinion inconsistent and did not rely on it. The deputy commissioner found that Woodson had failed to prove that she suffered from a compensable occupational disease. The full commission affirmed, stating further that Woodson had failed to prove that her condition was a disease as required by Merillat Industries v.

Parks, 246 Va. 249, 436 S.E.2d 600 (1993).

To be compensable as an occupational disease, a condition must be "a disease arising out of and in the course of employment . . . ." Code § 65.2-400. The medical records and evidence support the commission's finding that Woodson failed to prove that her employment was a proximate cause of her synovitis. Dr. Lundie reported that her synovitis was not work-related because her symptoms did not abate while she was on maternity leave.

The decision of the commission is affirmed.

Affirmed.